UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER WRIGHT,

    Petitioner,

v.                                            CASE NO. 6:15-cv-1460-Orl-28KRS
                                                 (6:13-cr-218-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1), filed pursuant to 28 U.S.C. § 2255. (Doc. 1). The Government filed a response to the Motion to Vacate in compliance with this Court's instructions. (Doc. 6). Petitioner was given an opportunity to file a reply but did not do so.

Petitioner alleges three claims for relief his motion to vacate, set aside, or correct sentence: (1) his sentence under U.S.S.G. §2K2.1(a)(2) was improperly imposed; (2) trial counsel was ineffective for failing to consult with him or file a notice of appeal; and (3) the Court should construe his motion to vacate as a pleading brought pursuant to 28 U.S.C. § 1651. (Doc. 1 at 3-4). For the following reasons, the Court concludes that the Motion to Vacate is due to be denied.

**I.    Procedural History**

Petitioner was charged by Indictment with knowingly possessing a firearm shipped and transported in interstate commerce after having been convicted of a felony

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Case 6:13-cr-218-Orl-28KRS, Doc. 1).[1] Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty as charged; in exchange, the Government agreed to recommend that he receive a three-level reduction for acceptance of responsibility. (Criminal Case Doc. 21 at 2-3). As a part of the plea agreement, Petitioner admitted that he had been convicted of four prior felonies. (*Id.* at 19). Petitioner also agreed to waive challenges to his sentence "on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines," unless the sentence imposed exceeded the applicable guideline range, exceeds the statutory maximum penalty, or violates the Eighth Amendment to the Constitution. (*Id.* at 16).

At sentencing, Petitioner's lawyer argued the Petitioner's criminal history was overstated in the presentence investigation report. (Criminal Case Doc. 47 at 4-6). The undersigned disagreed, stating that the Office of Probation correctly assessed Petitioner's criminal history category. (*Id.* at 9-10). The Court determined that Petitioner fell within criminal history category VI and that his guideline range was 77 to 96 months in prison. (*Id.* at 4). However, the Court elected to depart from the Guidelines range and sentenced Petitioner to a 65-month term of imprisonment. (*Id.* at 15). Petitioner did not appeal.

---

[1] Hereinafter Criminal Case No. 6:13-cr-218-Orl-28KRS will be referred to as "Criminal Case."

## II. LEGAL STANDARD

The Supreme Court of the United States, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under these

rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III. ANALYSIS

A. Claim One

Petitioner alleges that the Court improperly enhanced his sentence after finding that he unlawfully possessed a firearm "subsequent to sustaining two felony convictions [for] 'crime[s] of violence'" pursuant to U.S.S.G. § 2K2.1(a)(2). (Doc. 1-1 at 4). Petitioner argues that the crimes the Court used to enhance his sentence under § 2K2.1(a)(2) were not crimes of violence. This argument is based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), holding that the definition of "violent felony" contained in the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. (*Id.* at 4-5). Petitioner contends that trial counsel was ineffective for failing to raise this issue at sentencing and on direct appeal. (*Id.* at 6).

The Eleventh Circuit Court of Appeals recently rejected a similar claim. *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017) (holding that the advisory guidelines are not subject to constitutional vagueness challenges); *United States v. Spencer*, 685 F. App'x 863 (11th Cir. 2017) (affirming the denial of the appellant's claim that his sentence enhancement pursuant to § 2K2.1(a)(2) was improper under *Johnson*). As a result of the *Beckles* decision, the holding in *Johnson* cannot be applied to the United States Sentencing

Guidelines. Consequently, counsel's failure to object to this issue or raise the matter on direct appeal does not amount to deficient performance, nor did prejudice result. Accordingly, Claim One is denied.

B.     Claim Two

Petitioner next contends that trial counsel was ineffective for failing to adequately consult with him and appeal the unconstitutional nature of his sentence. (Doc. 1-1 at 7).

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citation omitted). In such a case, prejudice is presumed, and a petitioner is entitled to a new appeal without any further showing. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to appeal without showing that his appeal would likely have had merit.").

In the absence of a specific client request to appeal, counsel must consult with a client about an appeal if: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appeal. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478; *Devine v. United States*, 520 F.3d 1286, 1288

5

(11th Cir. 2008). If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. These rules apply with equal force when a petitioner waives some but not all of his appellate rights through a plea agreement. *Gomez-Diaz v. United States*, 433 F.3d 788, 793-94 (11th Cir. 2005).

Petitioner does not assert that he directed counsel to file an appeal and counsel failed to do so nor does he argue that he reasonably demonstrated an interest in an appeal. (Doc. 1-1 at 7). Therefore, he is not entitled to a presumption of prejudice. *Flores-Ortega*, 528 U.S. at 483. Petitioner merely contends that counsel was ineffective for failing to consult with him regarding an appeal. (*Id.*). Petitioner states that he wished to appeal the unconstitutional nature of his sentence addressed in Claim One. (*Id.*). However, Petitioner cannot demonstrate that but for counsel's actions, he would have timely appealed. No rational defendant in Petitioner's circumstances would have appealed because the Court varied downward from the recommend Guidelines range. Therefore, had Petitioner filed an appeal, the Government could have filed a cross-appeal challenging the downward departure. If the Government had been successful in challenging the downward departure, Petitioner would have faced a greater sentence than the one he received.

Moreover, Eleventh Circuit precedent permits Guidelines enhancements under §

2K2.1(a). *See Spencer*, 685 F. App'x at 869 (holding that *Johnson* does not apply to the advisory guidelines and therefore, sentence enhancements under § 2K2.1(a) are permitted); *United States v. Travis*, 747 F.3d 1312, 1314-15 (11th Cir. 2014) (permitting a sentence enhancement under § 2K2.1(a) and determining that the appellant's prior violent felonies qualified under the residual clause of the sentencing guidelines). Therefore, the Court concludes that no rational defendant would have appealed because Petitioner's claim is foreclosed by Eleventh Circuit case law. Accordingly, Claim Two is denied.

C. Claim Three

Petitioner asserts that "in the event this Court find[s] relief [is] unavailable under 28 U.S.C. § 2255" that the Court should construe this action as one brought pursuant to 28 U.S.C. § 1651. (Doc. 1-1 at 7). Petitioner states that he is entitled to a writ of audita querela. (*Id.*). The Eleventh Circuit has held that "a writ of *audita querela* may not be granted when relief is cognizable under § 2255." *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005) (emphasis in original). Petitioner's claims are cognizable in the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 and are addressed on the merits. Therefore, he is not entitled to a writ of audita querela, and the instant claim is denied.

Any of Petitioner's allegations not specifically addressed herein are without merit.

IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). Petitioner fails to make such a showing. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:13-cr-218-Orl-28KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 44) pending in that case.

4. Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 13 day of August, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
Walter Wright
Counsel of Record